UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DARRELL FINCANNON                                                                                          PLAINTIFF

v.                                                                                   CIVIL ACTION NO. 3:12-cv-604-FKB

CHRISTOPHER EPPS, ET AL.                                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment filed by Defendants.[1]  Docket No. 22.  Having considered the motion, as well as the response in opposition and the entire record in this matter, the Court concludes that the motion should be, and is hereby, granted.

THE CLAIM

Plaintiff is a convicted inmate, housed in the Mississippi State Penitentiary at Parchman, Mississippi.  In this suit brought pursuant to 42 U.S.C. § 1983, he alleges that his constitutional rights have been violated by Defendants' failure to follow state law and procedures for calculating his early release time.[2]  Defendant Epps is the Commissioner of the Mississippi Department of Corrections.  Defendant Gibbs is the Chief Records Officer of the Mississippi Department of Corrections, and Defendant Box is Records Officer at the South Mississippi Correctional Facility in Leaksville, Mississippi.  Plaintiff alleges that he has been denied due process and that his equal protection rights have been violated by these Defendants because he

---

[1] The parties consented to the undersigned conducting all proceedings in this matter pursuant to 28 U.S.C. § 636(c).  Docket No. 19.

[2] Referred to herein as Plaintiff's "ERS date."  ERS stands for Early Release Supervision.

1

has not been considered for early release. Based on Plaintiff's interpretation of state law and the inmate handbook, he asserts that he was eligible for early release in 2009, but was never even considered for same.

Plaintiff seeks a declaratory judgment stating that Defendants' refusal to grant him an ERS date violates his constitutional rights and an injunction requiring Defendants to immediately consider Plaintiff for ERS, as well as requiring Defendants to re-calculate his ERS date. Plaintiff also seeks the following monetary relief: $10,000.00 in compensatory damages from each Defendant for not allowing Plaintiff to be considered for ERS, $20,000.00 in punitive damages from each Defendant for every day Plaintiff has served past the ERS date he has calculated, plus another $20,000.00 in punitive damages from each Defendant, and court costs.

To the extent Plaintiff seeks declaratory or injunctive relief regarding his release date, the matter is not properly before the Court on a Section 1983 claim. Plaintiff must instead file a petition for a writ of habeas corpus if he seeks to be released. *See, e.g., Coleman v. Dretke*, 409 F.3d 665, 669 (5th Cir. 2005)("release from physical confinement in prison constitutes release from custody for habeas purposes, even though state retains a level of control"). Since Plaintiff has not demonstrated that he has exhausted available remedies for habeas purposes, his habeas petition, to the extent his complaint may be construed as such, is dismissed without prejudice. *See, e.g., Taylor v. Cass County Dist. Court*, 178 F.3d 1291 (5th Cir. 1999).

However, Plaintiff also seeks damages for the alleged violation of his constitutional rights, and those claims are arguably before the Court in this Section 1983 claim. "[I]t is generally not proper to dismiss an entire complaint on non-exhaustion grounds merely because the complaint raises both habeas and § 1983 claims." *Cook v. Texas Dept. of Criminal Justice*

*Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)("The line between claims which must initially be pressed by writ of habeas corpus and those cognizable under § 1983 is a blurry one."). This case, though, is analogous to *Mendenhall v. Valdez,* 376 Fed. Appx. 372-73, in which the Fifth Circuit held:

> [Plaintiff's] assertions amount to an attack on the validity of determinations made by the Texas Department of Criminal Justice ("TDCJ") regarding his eligibility for release on mandatory supervision. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Mendenhall cannot seek an earlier release from prison in a civil rights action, so he cannot obtain declaratory and injunctive relief. *See id*.
>
> Mendenhall likewise cannot obtain monetary damages on his claims regarding the correctness of determinations on his eligibility for release on mandatory supervision. Where, in a state prisoner's suit for damages under 42 U.S.C. § 1983, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because Mendenhall cannot show that the TDCJ's determination regarding his eligibility for release on mandatory supervision has been invalidated, under the principles of *Heck* he cannot maintain a suit for damages under § 1983 based on those determinations. *See McGrew v. Tex. Bd. of Pardons & Paroles,* 47 F.3d 158, 160-61 (5th Cir.1995).

Accordingly, Plaintiff's entire complaint must be dismissed without prejudice.[3]

---

[3]The Court also held an omnibus hearing in this matter on June 26, 2013, during which it became clear to the Court that Plaintiff seeks habeas relief. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(*overruled on other grounds*, *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

DEFENDANTS' MOTION

Alternatively, and in the event the Court has erred in determining that all Plaintiff's claims are habeas claims, Defendants seek summary judgment based on Eleventh Amendment immunity and qualified immunity.  To the extent Plaintiff seeks to recover monetary damages against the defendants in their official capacities, his claims are barred by the Eleventh Amendment.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).  Accordingly, Plaintiff's claims against Defendants in their official capacities must be dismissed.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)(suits against officials in their official capacities are claims against the state).

In their individual capacities, Defendants are protected by qualified immunity.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  Once a defendant has raised the issue of qualified immunity, the burden shifts to the plaintiff to rebut the defense.  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).  Plaintiff must show that 1) there has been a violation of a constitutional right, and 2) that right was clearly established at the time of the alleged violation.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Plaintiff cites Miss. Code Ann. § 47-5-138 in support of his claim, which states in pertinent part:

> (5) For any sentence imposed after June 30, 1995, an inmate may receive an earned time allowance of four and one-half (4-1/2 ) days for each thirty (30) days served if the department determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program. The earned time allowance under this subsection shall not exceed fifteen percent (15%) of an inmate's term of sentence; however, beginning July 1, 2006, no person under the age of twenty-one (21) who has committed a nonviolent offense, and who is under the jurisdiction of the

>Department of Corrections, shall be subject to the fifteen percent (15%)
>limitation for earned time allowances as described in this subsection (5).

Additionally, Plaintiff relies on Miss. Code Ann. § 47-3-138.1:

>(1) In addition to any other administrative reduction of sentence, an
>offender in trusty status as defined by the classification board of the
>Department of Corrections may be awarded a trusty time allowance
>of thirty (30) days' reduction of sentence for each thirty (30) days of
>participation during any calendar month in an approved program
>while in trusty status, including satisfactory participation in education
>or instructional programs, satisfactory participation in work projects
>and satisfactory participation in any special incentive program.

Records submitted by Plaintiff indicate that he has served as a trusty since July 11, 2007. Docket No. 22-1 at 3. Plaintiff's 20 year sentence began on May 14, 2007, with credit given for his having been in jail since March 7, 2006. Plaintiff also argues that he is entitled to time served day for day, though why is not clear. Adding together his 15% reduction, trusty time and day for day time, Plaintiff calculates that he should have been released in July, 2012. However, as of July 14, 2012, Defendants had calculated Plaintiff's ERS date as December 10, 2017.[4] Though both Plaintiff's argument and Defendants' response are hard to follow with respect to potential early release dates for Plaintiff, Defendant Box responded to Plaintiff's concerns, before suit was filed, as follows:

>Attached is a broken down timesheet that shows step by step how your dates
>were calculated. Your 15% total earned time credit of 2 years & 300 days
>does not come off of your release dates this earned time simply gives you
>your 85% ERS date so if you had not received this credit then you would not
>have an ERS date at all.  Your Jail time comes off the top of your sentence so
>it does not come off of your release dates either it is given up front.  Your 20
>year sentence is calculated from your sentence begin date instead of your date

---

[4]Using Defendants' method of calculating, assuming Plaintiff is still a trusty and has had no disciplinary issues, by this time his ERS date would have moved up approximately eight months.

>  of sentence therefore giving you credit for your jail time off the top. Your
>  dates are all correct and will remain as is.

Docket No. 1 at 20. Based on this response, Plaintiff cannot clear even the first hurdle. It is not clear that the calculation is incorrect, much less that Plaintiff has any constitutionally protected interest in a correct calculation.

The United States Supreme Court has held that prisoners have no federally protected right or liberty interest in good time credits, but that states may create a statutory right. *Wolff v. McDonnell*, 418 U.S. 529 (1974). Defendants argue that the Mississippi statutes permit granting earned time credits, but do not mandate same. *See, e.g., Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987). Accordingly, Plaintiff has no protected liberty interest in earned time credits. Since it is far from clear that Plaintiff's rights were violated, it cannot be said that any such right to earned time credit was clearly established at the time Defendants allegedly violated it.

The only documentation submitted by Plaintiff reflecting any involvement by Defendant Gibbs is a Second Step Response Form, signed by Tyesha Evans, EMCF[5] Compliance Officer, indicating that Ms. Gibbs researched Plaintiff's file and found the dates contained therein to be accurate. Docket No. 24-1 at 3. Again, the Court cannot determine that the dates are inaccurate. Accordingly, the Court cannot find that Ms. Gibbs committed even an error in calculating Plaintiff's time, much less that she violated constitutional rights of which a reasonable official would have been aware.

Plaintiff has not demonstrated that Defendant Epps had any personal involvement in the

---

[5]East Mississippi Correctional Facility.

alleged miscalculation of his early release date. Though Plaintiff alleges that this defendant was in a position of authority over the other defendants, there is no supervisory liability under Section 1983. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiff must demonstrate that each defendant was personally involved in the violation of Plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). Accordingly, Plaintiff's claims against Defendant Epps fail.

## CONCLUSION

Based on the foregoing, Plaintiff's claims are dismissed without prejudice for failure to first pursue habeas relief. Alternatively, Defendants are entitled to judgment as a matter of law with respect to Plaintiff's damages claims, and Plaintiff's claims for monetary damages against the three named Defendants are dismissed with prejudice.

SO ORDERED, this the 11th day of November, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE